

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# Forbes v. McCrystal

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4938

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Forbes v. McCrystal" (2006). *2006 Decisions.* Paper 1627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-4938
_____

FELIX D. FORBES

vs.

MICHAEL J. McCRYSTAL, ESQ.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-04565)
District Judge: Honorable Louis H. Pollak
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 27, 2006

Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

(Filed: February 7, 2006)
_____

OPINION
_____

PER CURIAM.

Felix Forbes appeals from the District Court's order dismissing his

complaint for failing to state a claim on which relief can be granted.  Because we

determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28

U.S.C. § 1915(e)(2)(B).

Forbes, who is currently incarcerated at Berks County Prison, filed a pro se complaint pursuant to 42 U.S.C. § 1983, in the District Court for the Eastern District of Pennsylvania.  Forbes filed this suit against Michael McCrystal, his former attorney. Forbes alleges that McCrystal had agreed to represent him in an unspecified legal matter, in exchange for $1,000.  According to Forbes' filings, McCrystal accepted payment, but, because Forbes is an immigrant facing removal, never performed the agreed upon services.  On October 6, 2005, the District Court granted Forbes' motion to proceed in forma pauperis.  That same day, the District Court dismissed the complaint for failure to state a claim on which relief can be granted, noting that McCrystal, as a private attorney, is not a state actor for the purposes of § 1983.

Forbes timely filed a notice of appeal.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Having granted Forbes leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To prevail in this § 1983 action, Forbes must show that McCrystal acted under color of state law and deprived him of a constitutional right.  See Lugar v. Edmondson Oil, Co., 457 U.S. 922, 930 (1982).  Forbes argues that McCrystal's status as an officer of the court is sufficient to make him a state actor for the purposes of § 1983. However, private attorneys are not state actors on the basis of their position as officers of

2

the court.  Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 276 (3d Cir. 1999); see also Polk County v. Dotson, 454 U.S. 312, 318 (1981).  Forbes provides no other reason, and we cannot find another in the record, why McCrystal's conduct could be fairly attributable to the state.  See Edmondson, 490 U.S. at 937.  Accepting Forbes' claims as true, as well as all reasonable inferences that can be drawn therefrom, we find that Forbes alleges a breach of contract or an act of fraud perpetrated by a private party, but not a deprivation of civil rights cognizable under § 1983.

In sum, we readily conclude that the District Court correctly dismissed Forbes' complaint for a failure to state a claim on which relief can be granted.  Because his appeal also lacks merit, we will dismiss it under § 1915(e)(2)(B).